IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ARKANSAS LABELING, INC.**                                                                 **PLAINTIFF**

v.                               Civil Action No. 4:19CV773-KGB

**TIM PROCTOR and
LABEL EDGE, LLC**                                                                            **DEFENDANTS**

### AMENDED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, Arkansas Labeling, Inc. ("ALI"), Tim Proctor ("Mr. Proctor"), and Label Edge, LLC ("Label Edge"), are engaged in discovery in the above-captioned action (the "Action") and agree as follows:

1. For purposes of this Amended Confidentiality Agreement and Protective Order ("Order"), "Confidential Documents" shall include any documents that a Party or its counsel designates as confidential based upon a good-faith belief that documents contain proprietary or confidential business or financial information, trade secrets, or non-public information of a commercially sensitive, personal, or private nature, including medical information that may be protected by the Health Insurance Portability and Accountability Act ("HIPAA").

2. The parties intend that this protective order is a qualified protected order pursuant to HIPAA, 45 C.F.R. § 164.512(e)(1)(v).

3. For purposes of this Order, "Confidential Information" shall include any information provided in response to a written discovery request or in response to a deposition question that a Party or its counsel designates as confidential based upon a good-faith belief that the designation is appropriate because of the proprietary or confidential business or financial nature of the information, trade secrets contained in the information, the non-public, sensitive, personal, or private nature of the information, or because such information may be protected by HIPAA. At

the time a Party responds to a written discovery request, the Producing Party may designate such information as Confidential Information by stating in writing in response to the written discovery request that the information is Confidential Information subject to the protections set forth in this Order and by indicating on the first page of the written discovery responses that the document has been designated as Confidential Information by the Producing Party. If a party intends to designate "Confidential Information" from only certain pages of a multi-page document that may contain "Confidential Information," the party designating should stamp "Confidential Information, Subject To Protective Order" on the first page of the multi-page document, as well as the specific pages of the multi-page document for which the designation is sought. This paragraph does not apply to documents produced in response to discovery. For documents produced in response to discovery, the procedures in paragraph 4 apply.

4. The Party producing documents (the "Producing Party") may designate any such documents as Confidential Documents by stamping on each page of such documents the word "Confidential."

5. During any deposition, a deponent or counsel for a deponent or a Party or counsel for a Party may designate that the testimony being provided in response to a deposition question contains Confidential Information by stating on the record that the information is Confidential Information subject to the protections set forth in this Order. In addition, a deponent or counsel for a deponent or a Party or counsel for a Party may designate additional Confidential Information by indicating to all Parties, in writing, following receipt of a deposition transcript, the specific line numbers and page numbers of the transcript that contain Confidential Information subject to the protections set forth in this Order.

6. Nothing in this Order shall prevent any party from seeking modification of the Order at any time as to specific matters, including requesting to remove the designation of Confidential Documents or Confidential Information from specific items.

7. The Parties agree that Confidential Documents and Confidential Information shall not be disclosed, directly or indirectly, to anyone other than the Parties, attorneys for the Parties, witnesses, consultants, and expert witnesses specially retained or specially employed for purposes of the Action. To the extent any Confidential Documents or Confidential Information is provided to any Party's witnesses, consultants, or expert witnesses, each witness, consultant, or expert witness shall: (a) agree in writing, in the form attached to this Order as Exhibit A, prior to receiving any Confidential Documents or Confidential Information, that he shall be bound by the terms of this Order and (b) shall return all Confidential Documents and Confidential Information to the Producing Party upon conclusion of the Action or provide a sworn certificate attesting to the destruction and deletion of all Confidential Documents and Confidential Information and indicating that no Confidential Documents and Confidential Information has been retained. Nothing in this Order prevents any Party from disclosing Confidential Documents and Confidential Information to the Court and Court personnel in this case, subject to such protections as the Court may order with respect to the treatment of Confidential Documents and Confidential Information at trial.

8. The inadvertent, unintentional, or *in camera* disclosure of Confidential Documents and Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If Confidential Documents or Confidential Information is inadvertently produced without the appropriate designation of confidentiality, the receiving party shall, upon notice of the confidential status of the documents or information, treat

the documents or information as if it had been appropriately designated confidential at the moment it was produced.

9.  The Parties and all persons subject to the provisions of this Order agree to use Confidential Documents and Confidential Information solely and exclusively for purposes of preparing for, conducting, and participating in the Action and not for any other litigation and not for any other business purpose, personal purpose, or other purpose whatsoever. Each party recognizes that, to the extent that it receives in discovery any medical information protected from disclosure by HIPAA, the party is prohibited from using that medical record or information obtained in discovery for any purpose other than related to this case. *See* 45 C.F.R. § 164.512(e)(1)(v)(A).

10. The Parties' agreement to produce Confidential Documents and Confidential Information pursuant to this Order shall not be deemed an agreement that such documents and information are relevant to any matter at issue in the Action. Each Party reserves the right to object to or to seek an appropriate order limiting any use of documents or information that a Producing Party may seek to make Confidential Documents or Confidential Information, either in discovery or at the trial of the Action.

11. The Parties agree that no copies of Confidential Documents or Confidential Information produced by any Party will be made except as necessary for the purposes of this Action. If it becomes necessary to include information obtained from Confidential Documents or Confidential Information or to use such Confidential Documents or Confidential Information in any court filing, then any such filing shall be made under seal, if not prohibited by law.

12. Upon the conclusion of the Action, all Confidential Documents and Confidential Information, and all copies, extracts, summaries, facsimiles thereof, and all electronically,

optically, or magnetically stored information of any kind including, without limitation, diskettes, compact disks, computer files, and similar storage media ("Electronically Stored Documents") shall be destroyed or deleted, uninstalled, or otherwise removed from each computer, diskette, compact disk, computer file, and any other storage media. Additionally, upon request, a sworn certificate attesting to the destruction and electronic file deletion and indicating that no electronic information has been retained shall be executed by each Party and by counsel for each party and delivered to all parties within 120 days after the conclusion of the case, including any appeal. This paragraph does not relieve any party of any obligation to preserve Confidential Documents and Confidential Information, including electronically stored information, (a) pursuant to any litigation hold, (b) in connection with the underlying litigation as identified in Complaint in this Action, or (c) which that party knows, or reasonably should know, is related to the underlying litigation, is relevant to the underlying litigation, or that could lead to the discovery of information, documents, or evidence discoverable in the underlying litigation.

13. Because a violation of this Order could cause irreparable injury, and there is no adequate remedy at law for such violation, the Parties shall have the right, in addition to any other remedies available to them at law or in equity, to seek to enjoin a Party in this Court from any violation of this Order.

IT IS SO ORDERED THIS 24th day of august, 2020.

_____
THE HONORABLE KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ARKANSAS LABELING, INC.**                                                                 **PLAINTIFF**

v.                              Civil Action No. 4:19CV773-KGB

**TIM PROCTOR and**
**LABEL EDGE, LLC**                                                                          **DEFENDANTS**

## MOTION FOR AMENDED PROTECTIVE ORDER

Plaintiff Arkansas Labeling, Inc. ("ALI") and Defendants Tim Proctor ("Mr. Proctor"), and Label Edge, LLC ("Label Edge") hereby move this Court for entry of an Amended Confidentiality Agreement and Protective Order ("Protective Order") in the form attached hereto. This Amended Protective Order is necessary to protect the confidentiality of certain documents and information that will be exchanged between the parties in discovery, including, without limitation, confidential, proprietary, medical, personal or otherwise sensitive, technical, or financial information concerning the parties.

All parties and their counsel have stipulated to the entry of this Amended Confidentiality Agreement and Protective Order.

WHEREFORE, the parties respectfully request that the Court enter the Amended Confidentiality Agreement and Protective Order in the form attached hereto.

Joseph W. Price, II
Ark. Bar No. 2007168
Meredith A. Powell
Ark. Bar No. 2019164
Attorneys for Defendants
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
Telephone:    (501) 379-1700
Facsimile:    (501) 379-1701
Email:        jprice@qgtlaw.com
              mpowell@qgtlaw.com

*Attorneys for Tim Proctor and Label Edge, LLC*

2

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ARKANSAS LABELING, INC.**                                                                 **PLAINTIFF**

v.                              Civil Action No. 4:19CV773-KGB

**TIM PROCTOR and**
**LABEL EDGE, LLC**                                                                          **DEFENDANTS**

## MODIFIED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

I acknowledge that I have read and understand the Modified Confidentiality Agreement and Protective Order signed by the Honorable Kristine G. Baker on _____, 2020, and agree to abide by all of its terms and conditions. I specifically understand that at the conclusion of this matter I am required to return all copies of documents in my possession subject to this Order to the person who provided them to me. I also understand that any violation of said Protective Order by me will subject me to penalties for contempt of court.

Dated this _____ day of _____, 20___.     [NAME]

By: _____

Subscribed and sworn to before me

this _____ day of _____, 20___.

Notary Public

_____

7