UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ARKANSAS LABELING, INC.**                                                                                      **PLAINTIFF**

v.                                      Case No. 4:19-cv-00773-KGB

**TIM PROCTOR and LABEL EDGE, LLC**                                                             **DEFENDANTS**

## ORDER

Before the Court is defendants Tim Proctor and Label Edge, LLC's ("Label Edge"), motion to dismiss Count VII of plaintiff Arkansas Labeling, Inc.'s ("ALI") amended complaint (Dkt. No. 32). ALI responded in opposition (Dkt. No. 36). For the following reasons, the Court denies the motion (Dkt. No. 32).

**I.      Legal Standard**

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).

"When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn

in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). In determining the sufficiency of a complaint, courts review the complaint itself and any exhibits attached to the complaint. *Zink v. Lombardi*, 783 F.3d 1089, 1099 (8th Cir.) (en banc), *cert. denied*, 135 S. Ct. 2941 (2015) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). "In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiffs. *Twombly*, 550 U.S. at 554–56. A complaint should not be dismissed simply because the Court is doubtful the plaintiffs will be able to prove all of the necessary factual allegations. *Id.* at 556. Accordingly, a well-pleaded complaint will survive a motion to dismiss even if it appears recovery is very remote and unlikely. *Id.* "Finally, the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## II.   Analysis

In Count VII of its amended complaint, ALI alleges that Mr. Proctor breached a noncompete agreement he had purportedly entered into with ALI (Dkt. No. 23, ¶ 79). According to defendants, ALI's breach-of-contract claim is based on an expired agreement, unlimited in geographical scope, and fails to allege facts of a breach (Dkt. No. 33, at 3–7).

"[I]n order to state a cause of action for breach of contract [under Arkansas law] the complaint need only assert the existence of a valid and enforceable contract between the plaintiff and the defendant, the obligation of the defendant thereunder, a violation by the defendant, and

damages resulting to plaintiff from the breach." *Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 436 S.W.3d 445, 450 (Ark. 2014) (citing *Perry v. Baptist Health*, 189 S.W.3d 54, 58 (Ark. 2004)). Under Arkansas law, noncompete agreements are generally enforceable if certain conditions are met:

> (a) A covenant not to compete agreement is enforceable if the agreement is ancillary to an employment relationship or part of an otherwise enforceable employment agreement or contract to the extent that:
>
> > (1) The employer has a protectable business interest; and
> >
> > (2) The covenant not to compete agreement is limited with respect to time and scope in a manner that is not greater than necessary to defend the protectable business interest of the employer.

Ark. Code Ann. § 4-75-101(a).

### A. Expired Agreement

Defendants argue that ALI fails to state a breach-of-contract claim because the 2011 agreement on which ALI's claim is allegedly based has expired (Dkt. No. 33, at 3). ALI in its amended complaint represents that "[a]ll ALI employees, including Proctor, signed a non-compete agreement each year during their annual employment evaluation, which typically occurred each January." (Dkt. No. 23, ¶ 33). ALI further alleges that Mr. Proctor's most recent noncompete agreement would have been signed in January 2018, that it would have been effective for a period of one year, and that Mr. Proctor breached his noncompete agreement while still employed by ALI (*Id.*, ¶¶ 75, 77, 79). The Court therefore declines to dismiss ALI's breach-of-contract claim on this basis.

B.  **Geographical Scope**

Defendants next argue that the 2011 and 2018 agreements are unenforceable because their geographical scope is overly broad (Dkt. No. 33, at 4). Under Arkansas law, noncompete agreements do not require geographic limitations as long as they are reasonable:

> (c)(1) The lack of a specific or defined geographic descriptive restriction in a covenant not to compete agreement does not make the covenant not to compete agreement overly broad under subdivision (a)(2) of this section if the covenant not to compete agreement is limited with respect to time and scope in a manner that is not greater than necessary to defend the protectable business interest of the employer.
>
> (2) The reasonableness of a covenant not to compete agreement shall be determined after considering:
>
> > (A) The nature of the employer's protectable business interest;
> >
> > (B) The geographic scope of the employer's business and whether or not a geographic limitation is feasible under the circumstances;
> >
> > (C) Whether or not the restriction placed on the employee is limited to a specific group of customers or other individuals or entities associated with the employer's business; and
> >
> > (D) The nature of the employer's business.

Ark. Code Ann. § 4-75-101(c).

ALI has sufficiently alleged in its amended complaint facts to support the reasonableness of the noncompete agreement. ALI alleged that its customer plates are confidential and proprietary trade secrets (Dkt. No. 23, ¶ 13), that its customer base is nationwide and international (*Id.*, ¶ 8), and that its business operations involve graphic design and rely on confidential and proprietary processes and information (*Id.*, ¶¶ 8–9). ALI further alleged that the 2011 noncompete agreement contains similar terms as the 2018 agreement, which stated that the employee "cannot directly, or indirectly, contact the current clients or customers of this business and solicit them as customers of a label or labeling business that I plan to start or that someone else is planning to start" (*Id.*, ¶¶

4

76–77). The Court therefore declines to dismiss ALI's breach-of-contract claim for lack of geographical scope.

### C. Ambiguity And Breach

Defendants finally argue that the 2011 agreement and the similar 2018 agreement are unenforceable because they are ambiguous and that ALI has not alleged facts that constitute a breach of the agreement (Dkt. No. 33, at 5–6). Ambiguity alone does not make a contract unenforceable. Rather, an ambiguity in a contract may be resolved either by the court, if the ambiguity can be resolved by reference to the contract language itself, *see Zulpo v. Farm Bureau Mut. Ins. Co.*, 255 S.W.3d 494, 498 (Ark. Ct. App. 2007), or by the jury, if a contract is ambiguous as to the intent of the parties and the meaning of the language depends on disputed extrinsic evidence, *see Perry v. Baptist Health*, 189 S.W.3d 54, 58 (Ark. 2004).

ALI has also alleged facts which, if true, constitute a breach of the noncompete agreement. ALI alleged that there exists a valid contract between ALI and Mr. Proctor (Dkt. No. 23, ¶ 77), that Mr. Proctor was obligated not to solicit ALI's customers as part of a new labeling business, among other things (*Id.*, ¶ 76), that Mr. Proctor violated this agreement by soliciting ALI's customers (*Id.*, ¶¶ 29–30, 79), and that ALI suffered damages as a result of Mr. Proctor's breach (*Id.*, ¶¶ 37, 80). *See Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 436 S.W.3d 445, 450 (Ark. 2014) (citing *Perry v. Baptist Health*, 189 S.W.3d 54, 58 (Ark. 2004)).

Accepting all factual allegations in ALI's complaint as true, ALI sufficiently states a claim for breach of contract under Arkansas law upon which relief may be granted. Having considered all of the parties' arguments and the allegations in the complaint, the Court denies the motion to dismiss this claim.

### III.    Conclusion

For the foregoing reasons, the Court denies defendants' motion to dismiss Count VII of ALI's amended complaint for failure to state a claim (Dkt. No. 32).

It is so ordered this 27th day of November, 2020.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge