UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ARKANSAS LABELING, INC.**                                                                 **PLAINTIFF**

v.                            Case No. 4:19-cv-00773-KGB

**TIM PROCTOR and LABEL EDGE, LLC**                                      **DEFENDANTS**

**ORDER**

Before the Court is the motion for leave to file second amended complaint of plaintiff Arkansas Labeling, Inc.'s ("ALI") (Dkt. No. 65). Defendants Tim Proctor and Label Edge, LLC (collectively "defendants") responded in opposition to the motion (Dkt. No. 66). Defendants also moved to dismiss ALI's amended complaint and requested that, if the Court grants ALI's motion to amend and denies their motion to dismiss, the Court enter an amended final scheduling order setting forth new pretrial deadlines and a new trial date (*Id*.). For the following reasons, the Court grants the motion for leave to file second amended complaint, denies defendants' motion to dismiss the amended complaint, and grants defendants' request for an amended final scheduling order setting new pre-trial deadlines and a new trial date (Dkt. No. 65).

**I.     Background**

On November 1, 2019, ALI filed its complaint against defendants asserting causes of action for: (1) conversion; (2) tortious interference with a contractual relationship or business expectance; (3) theft of trade secrets; (4) breach of fiduciary duty and duty of loyalty; (5) unauthorized computer program access and theft; (6) unauthorized access to property; (7) breach of contract; (8) Arkansas Deceptive Trade Practices Act; (9) unjust enrichment; and (10) punitive damages (Dkt. No. 2, at 9-18). The complaint contained allegations relating to Garry Parr, owner of GP Labels Unlimited, Ltd. ("GP Labels"), and relating to GP Labels (*See e.g. Id*., ¶¶ 18-20).

ALI filed an amended complaint on January 6, 2020, restating generally the same allegations as in the initial complaint but dropping the Arkansas Deceptive Trade Practices Act claim (Dkt. No. 23).

On April 29, 2020, the Court entered its first final scheduling Order setting a deadline of July 20, 2020, for adding parties or amending pleadings (Dkt. No. 51, ¶ 2). The Court entered an amended final scheduling order and a second amended final scheduling order that did not set new dates for adding parties or amending pleadings but that did reset trial dates (Dkt. Nos. 61, 63). The second amended final scheduling order set the case for trial some time the week of September 20, 2021 (Dkt. No. 63).

On June 3, 2021, the parties deposed Mr. Parr who, at that time, was not a party (Dkt. Nos. 65, ¶ 2; 66, at 7). On July 28, 2021, ALI filed its motion seeking leave to amend to add Mr. Parr and GP Labels as additional defendants based on the testimony Mr. Parr gave at his deposition (Dkt. No. 65, ¶¶ 3-4). Defendants oppose the motion for leave to amend on the grounds that ALI moved to amend its pleading after the deadline set forth in the Court's final scheduling Order and less than 40 days from trial. Defendants assert that ALI had the information on which it moves for leave to amend since Mr. Proctor's July 10, 2020, deposition and did not act diligently in moving to amend (Dkt. No. 66, at 3). Defendants assert that they are prepared for trial, and they will be prejudiced if the Court permits ALI to amend to add new defendants (*Id.*, at 9). Defendants also move to dismiss ALI's amended complaint and request that, if the Court grants ALI's motion to amend and denies its motion to dismiss, the Court enter an amended final scheduling order setting new pre-trial deadlines and a new trial date (*Id.*, at 9-11).

2

## II. Motion For Leave To File Second Amended Complaint

### A. Legal Standard

ALI moves for leave to amend its complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), which provides that courts "should freely give leave when justice so requires." Because, however, ALI moves to amend its complaint after the deadline set forth in the Court's final scheduling Order, the relevant standard here is the standard set forth in Federal Rule of Civil Procedure 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Rule 16(b)'s "good cause" standard "governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)). Eighth Circuit precedent establishes that, "[i]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule." *Sherman,* 532 F.3d at 709 (emphasis in original) (quoting *Popoalii v. Corr. Med. Servs.,* 512 F.3d 488, 497 (8th Cir. 2008)).

The "primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the [scheduling] order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "The moving party fails to show good cause when there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings.'" *Powell v. Camping World RV Sales LLC*, No. 4:13-cv-00195 KGB, 2014 WL 5311525, at *5 (E.D. Ark. Oct. 16, 2014) (quoting *Hartis*, 694 F.3d at 948). "[T]he failure to recognize the need for amended claims at an earlier date [does] not constitute good cause to excuse the untimeliness of [a] motion to amend." *Schenk v. Chavis*, 259 F. App'x 905, 908 (8th

3

Cir. 2008); *see also Davis v. City of St. John*, 182 F. App'x 626, 627 (8th Cir. 2006) (affirming denial of motion for leave to amend where "[a]lmost all of the information that the [plaintiffs] sought to add to their complaint had been in their possession well before the suit began"). However, good cause may be shown when plaintiff first discovered facts supporting the proposed amended complaint after the amendment deadline expired. *See Powell*, 2014 WL 5311525, at *5; *cf. Trim Fit, LLC v. Dickey*, 607 F.3d 528, 532 (8th Cir. 2010) (upholding district court's denial of motion to amend complaint since the need to develop additional facts in order to support new claim at late stage in the proceedings would have prejudiced defendant).

As mentioned above, the Court may, as part of its "good cause" analysis, consider whether the grant of a motion for leave to file an amended complaint would prejudice the nonmoving party. *Trim Fit, LLC v. Dickey*, 607 F.3d at 532. For example, "[m]otions that would prejudice the nonmoving party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy' are particularly disfavored." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016) (quoting *Steir v. Girl Scouts of the U.S.A.*, 383 F.3d 7, 12 (1st Cir. 2004)); *see also Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (noting that prejudice can come in the form of "the burdens of additional discovery and delay to the proceedings"). The Court notes that "[a]ny prejudice to the nonmovant must [also] be weighed against the prejudice to the moving party by not allowing the amendment." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citing *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981)). However, the Court need "not consider prejudice [to the nonmovant] if the movant has not been diligent in meeting the scheduling order's deadlines." *Kmak v. Am. Century Companies, Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017).

B.	Analysis

The Court's final scheduling Order permitted the parties to seek leave to amend pleadings no later than July 20, 2020 (Dkt. No. 51, ¶ 2). ALI seeks leave to amend its complaint to add claims that Mr. Parr and GP Labels conspired with defendants to steal and misappropriate ALI's trade secrets (Dkt. No. 65, ¶ 3). ALI asserts that relevant facts leading to its motion for leave to file a second amended complaint came to light during Mr. Parr's deposition testimony on June 3, 2021 (*Id*., ¶ 2). ALI contends that it received the transcript of Mr. Parr's deposition on June 30, 2021, and it filed its motion for leave to amend on July 28, 2021 (*Id*.). ALI gives an example of the relevant testimony from Mr. Parr's deposition in its motion (*Id*., ¶ 3). ALI states that Mr. Parr testified that he directed defendants to continue using ALI's part numbers on art files, but simply changed the prefix, and he further testified that neither Mr. Parr nor GP Labels does this for any other printing company (*Id*.). ALI also states that evidence discovered recently suggests that Mr. Proctor engaged in conduct, upon which some of ALI's claims rely, at the instruction of Mr. Parr and GP Labels (*Id*., ¶ 6). ALI contends that it informed defendants of its' intent to request leave to file a second amended complaint and that the proposed amendment will not prejudice the defendants (*Id*., ¶ 7).

In response, defendants assert that ALI has failed to show "good cause" under Federal Rule of Civil Procedure 16 (Dkt. No. 66, at 5-6). Defendants maintain that ALI has not established good cause because it was not diligent in meeting the requirements of the scheduling Order (*Id.*, at 7-9). Defendants assert that ALI knew as early as Mr. Proctor's deposition, which occurred prior to the Court's deadline for adding parties and amending pleadings, that Mr. Parr had directed him to add a prefix to ALI's part numbers on art files (Dkt. No. 66, at 3). Defendants argue that

5

in spite of the Court continuing the trial date for this case due to COVID-19, ALI never requested that the Court provide a new deadline for adding parties or amending pleadings (*Id.*, at 3-4).

Defendants have not demonstrated the sort of lack of diligence that would justify denying ALI's motion for leave to file second amended complaint. Defendants take issue with the fact that ALI may have been aware as early as Mr. Proctor's deposition on July 10, 2020, ten days before the July 20, 2020, deadline set forth in the Court's final scheduling Order to add parties and amend pleadings that Mr. Parr asked Label Edge to put LE in front of the identifying numbers associated with the artwork Mr. Parr provides to Label Edge" (Dkt. No. 66, at 3). ALI did not, however, have confirmation of that fact or other facts that form the basis of ALI's second amended complaint from Mr. Parr until his deposition, which occurred after the deadline the Court set for adding parties and amending pleadings, in June 2021. Defendants do not contest ALI's assertion that Mr. Parr's deposition was delayed due to "obstacles beyond the parties' control" (Dkt. No. 65, ¶ 2).

ALI has provided the Court with a copy of its proposed second amended complaint (Dkt. No. 65-1). The Court has reviewed ALI's proposed second amended complaint and compared it to ALI's amended complaint (Dkt. Nos. 23; 65-1). ALI's proposed second amended complaint adds Mr. Parr and GP Labels as defendants and pleads additional facts related to these defendants, but ALI pleads the same causes of action in its proposed second amended complaint as it pled in its amended complaint: (1) conversion, (2) tortious interference with a contractual relationship or business expectancy, (3) theft of trade secrets, (4) breach of fiduciary duty and duty of loyalty, (5) unauthorized computer program access and theft, (6) unauthorized access to property, (7) breach of contract, and (9) punitive damages. (*Id.*).

Defendants assert they will be prejudiced if the Court permits ALI to amend its complaint to add Mr. Parr and GP Labels, and the Court is aware of the inconvenience caused by permitting

ALI to file a second amended complaint adding defendants at this stage. The Court finds, however, based on the record before it that ALI's motion to file a second amended complaint is based on evidence discovered recently, Mr. Parr's deposition was delayed due to obstacles beyond the control of the parties, and the claims asserted in the second amended complaint are related substantially to the claims already before the Court. ALI has shown good cause, and the Court grants ALI's motion for leave to file its second amended complaint. *See Powell*, 2014 WL 5311525, at *5.

### III. Motion To Dismiss Amended Complaint

Defendants also argue that the Court should dismiss ALI's amended complaint because ALI has failed to provide a damages calculation or produce any financial documents from which one could make a damages calculation (*Id*., at 9-10). Because the Court is granting ALI's motion to amend and reopening discovery, the Court denies as moot defendants' motion to dismiss ALI's amended complaint. *Oniyah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948, 958 (D. Minn. 2009) ("[A]s a general proposition, if a defendant files a Motion to Dismiss, and the plaintiff later files an Amended Complaint, the amended pleading renders the defendant's motion to dismiss moot.") (citing *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, [plaintiff's] motion to amend the complaint rendered moot [defendant's] motion to dismiss the original complaint."); *Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 239-40 (D. Del. 1992) (finding that plaintiff's filing of an amended complaint rendered defendant's motion to dismiss moot)).

### IV. Request For New Scheduling Order

Defendants ask that, if the Court grants ALI's motion for leave to amend and denies their motion to dismiss the amended complaint, the Court enter a new scheduling order setting new pre-

7

trial deadlines and a new trial date (*Id*., at 11).  Defendants also request that the Court not schedule the case for trial for the last week of January 2022 or any time during the month of February 2022 because of scheduled international travel.  The Court grants defendants' request.  The Court will set new pre-trial deadlines and a new trial date for a week other than the last week of January 2022 or any week during the month of February 2022 by separate order.

**V.       Conclusion**

For the foregoing reasons, the Court grants ALI's motion for leave to file second amended complaint (Dkt. No. 65).  The Court denies as moot defendants' motion to dismiss ALI's amended complaint (Dkt. No. 66).  The Court removes the case from the Court's September 20, 2021, trial calendar.  The Court will set new pre-trial deadlines and a new trial date by separate order.

It is so ordered this 3rd day of September, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge