UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ARKANSAS LABELING, INC.**                                                    **PLAINTIFF**

**v.**                                    **Case No. 4:19-cv-00773-KGB**

**TIM PROCTOR, LABEL EDGE, LLC,**
**GARY PARR, and GP LABELS UNLIMITED, LTD.**              **DEFENDANTS**

<u>**ORDER**</u>

Before the Court are two motions related to discovery in this matter.  Separate defendants

Tim Proctor and Label Edge, LLC (collectively, "Proctor Defendants"), filed a motion to compel

discovery (Dkt. No. 88).  Plaintiff Arkansas Labeling, Inc. ("ALI"), responded in opposition to the

motion (Dkt. No. 93).  The Proctor Defendants requested a hearing on the pending motion (Dkt.

No. 93).  The Proctor Defendants also filed a supplement to their motion to compel (Dkt. No. 107).

The Court understands that supplement to include additional exhibits upon which the Proctor

Defendants intended to rely during the hearing on their motion to compel.

Separate defendants Gary Parr and GP Labels Unlimited, Ltd. ("GP Labels") (collectively,

"Parr Defendants"), filed a motion to dismiss as discovery sanction and, alternatively, motion to

compel discovery (Dkt. No. 95).  ALI responded in opposition to the motion (Dkt. No. 97).  The

Parr Defendants requested a hearing on the pending motion (Dkt. No. 99).[1]

The Court conducted a hearing on these motions on April 28, 2022 (Dkt. No. 108).  In

addition to the oral rulings announced by the Court during that hearing, the Court rules as follows:

(1)  the Court denies, in part, and grants, in part, the Proctor Defendants' motion to compel

and supplement to the motion to compel (Dkt. Nos. 88, 107);

---

[1]  The Court acknowledges that the Parr Defendants filed a second motion to compel (Dkt.
No. 110).  The Court will address that second motion to compel in a separate Order.

(2)  the Court denies the Parr Defendants' motion to dismiss as a discovery sanction (Dkt. No. 95)

(3)  the Court denies as moot the Parr Defendants' motion to compel with regard to ALI's Initial Disclosures (Dkt. No. 95); and

(4)  the Court  denies, in part, and grants, in part the Parr Defendants' motion to compel with respect to Interrogatory Nos. 1–18 and Requests for Production Nos. 1–17 (Dkt. No. 95). The Court makes these rulings for the following reasons.

## I.      Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).  Rule 26 is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (construing the same language that appeared in a prior version of Rule 26); *see also Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (Rule 26 "is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence").  The spirit of Rule 26(a) is that discovery be self-effectuating, without need to resort to the Court, and that its scope be liberal, extending to all matters reasonably calculated to lead to admissible evidence.  This standard is well-ensconced and is generally known and understood by civil practitioners.    *Hickman v. Taylor*, 329 U.S. 495 (1947); *Greyhound Lines, Inc. v. Miller,* 402 F.2d 134 (8th Cir. 1968); *Carlson Cos. v. Sperry and Hutchinson Co.,* 374 F. Supp. 1080, 1100 (D. Minn. 1974); *National Organization for Women,*

*Inc. (NOW), St. Paul Chapter v. Minnesota Min. & Mfg. Co.,* 73 F.R.D. 467 (D.C. Minn. 1977); *see also Laker Airways Ltd. v. Pan American World Airways,* 103 F.R.D. 22 (D.C. Cir. 1984).

"Discovery rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" *Rollscreen Co. v. Pella Products*, 145 F.R.D. 92, 94 (S.D. Iowa 1992); *see also Davis v. Union Pacific R.R. Co.*, Case No. 4:07-cv-000521 BSM, 2008 WL 3992761, at *2 (E.D. Ark. 2008) ("A request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."); *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (same). Nevertheless, "there must be at least a 'threshold showing of relevance' before parties 'are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.'" *Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 557 (N.D. Iowa 2015) (quoting *Hofer*, 981 F.2d at 380).

## II.     Proctor Defendants' Motion To Compel

The Proctor Defendants ask the Court to compel ALI to: (1) provide a calculation of its damages under Federal Rule of Civil Procedure 26 and (2) respond fully to the following discovery requests: (a) First Amended Request for Production No. 7 and Request for Production Nos. 24 and 25; (b) evidence demonstrating defendants' alleged use of ALI's files, which they argue is responsive to First Amended Request for Production No. 5 and First Amended Interrogatory No. 12; and (c) documents produced to Cheryl Shuffield, at least some of which should, they argue, have been produced with ALI's initial disclosures and in response to Amended Request for Production No. 5 (Dkt. No. 88, ¶ 8). The Proctor Defendants represent that they have provided ALI with detailed accounts of these deficiencies in two good-faith letters, communicated with

counsel for ALI on multiple occasions through email and telephone, and even met with counsel for ALI in person (*Id.*, ¶ 6).

### A. Damages Calculation

Rule 26(a)(1)(iii) requires a plaintiff to provide, without awaiting a discovery request, "a computation of each category of damages claimed" and "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A). Initial disclosures are intended to "avoid surprise and minimize prejudice." *Henry v. Pemiscot Mem'l Health Sys.*, Case No. 1:05-cv-00075-ERW, 2006 WL 2850550, at * 5 (E.D. Mo. Oct. 3, 2006); *see also U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (recognizing that discovery "make[s] a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent").

Initial disclosures pursuant to Rule 26(a)(1) must be based upon information then reasonably available to the disclosing party. Under Federal Rule of Civil Procedure 26(g), the attorney or party making the Rule 26(a)(1) disclosures must sign those disclosures, "thereby certifying that 'to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made.'" *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004).

A major purpose of the initial disclosure requirement "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information[.]" Advisory Committee Notes to 1993 Amendments to Rule 26(a). The requirement that parties disclose the subjects of the individuals' information is intended to "assist other parties in deciding which depositions will actually be needed." *Id.*; *see also Doyle v. First Federal Credit*

*Union*, Case No. C06-0049, 2007 WL 1231809 at * 1 (N.D. Iowa, Apr. 25, 2007).  "Initial disclosures should provide the parties 'with information essential to the proper litigation of all relevant facts, to eliminat[e] surprise, and to promot[e] settlement.'"  *Sender*, 225 F.R.D. at 650 (quoting *Windom v. FM Industries, Inc.*, Case No. 8:00-cv-580, 2003 WL 21939033 (D. Neb. 2003)).  In short, the Rule 26(a)(1) disclosure requirements should "be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish.  The litigants should not indulge in gamesmanship with respect to the disclosure obligations."  *See* Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a). Parties also are under an ongoing duty to supplement initial disclosures.  *See* Fed. R. Civ. P. 26(e) (providing for a party's duty to supplement or correct disclosure).

In their motion to compel discovery, the Proctor Defendants contend that ALI still has not produced any damages calculations or supporting documentation in accordance with Rule 26 (Dkt. No. 88, ¶ 3).  The Proctor Defendants note that ALI made its initial disclosures on July 6, 2020 (Dkt. No. 88-1).  In its initial disclosures, ALI stated that its claims for conversion, tortious interference with a contractual relationship or business expectancy, unjust enrichment for theft of trade secrets, and breach of fiduciary duty and duty of loyalty could not yet be calculated as ALI had "not learned the extent of all confidential and proprietary information taken by [Mr. Proctor], used to the detriment of ALI, and the profits earned by [Mr. Proctor and Label Edge] from their improper use, as such information is most likely in the possession, custody, or control of [Mr. Proctor and Label Edge] or third parties" (*Id.*, at 4–5).  ALI further stated that damages under its claims for unauthorized computer program access and theft and unauthorized access to property "cannot yet be calculated for the same reasons" (*Id.*, at 5).

According to the Proctor Defendants, on or around March 31, 2021, ALI disclosed Ms. Shuffield as its damages expert, which the Proctor Defendants argue "suggests that ALI should have some understanding of what its damages calculation is" (Dkt. No. 89, at 8).

In response, ALI does not dispute that a non-privileged damages computation is outlined in Rule 26(a)(1)(A)(iii) (Dkt. No. 90, at 1).  ALI indicates that it no longer intends to use Ms. Shuffield as an expert witness on damages and, therefore, "does not have any non-privileged information to produce" (*Id.*, at 2 n.1).  ALI represents that, in February 2022,[2] it produced a report from one of its shareholders, Cory Harris, outlining ALI's damages (*Id.*, at 2).  The Court understands, based on all parties' representations during the hearing, that Mr. Cory Harris will be or has been deposed in this case, permitting all parties to inquire about the damages calculation produced by ALI.  According to ALI, its claimed damages are based on the value of the art files allegedly taken by defendants (*Id.*).  ALI argues that, while it has had difficulty estimating the extent of its damages without knowing the full extent of defendants' alleged improper conduct,[3] the information in Mr. Cory Harris' report is the "most accurate calculation it can [provide] as of today" (*Id.*, 2–3).

Based on the parties' arguments at the hearing, having reviewed the parties' filings, the Court denies as moot the Proctor Defendants' motion to compel and supplement to the motion to compel with regard to ALI's damages calculation.  To the extent issues remain with respect to ALI's discovery obligations and its damages calculation, the Proctor Defendants may file another motion to compel, if necessary.

---

[2]  The Court observes that this production was *after* the Proctor Defendants filed the instant motion to compel discovery.

[3]  As discussed in more detail below, ALI contends that its forensic expert, Darin Thomas, was denied access to all of defendants' electronic devices (Dkt. No. 90, at 2, 5–6).

### B.      Discovery Requests

The Proctor Defendants contend that ALI has either failed to respond or provided deficient responses to several propounded discovery requests (Dkt. No. 88, ¶ 5).

### 1.      First Amended Request for Production No. 7

First Amended Request for Production No. 7 requests ALI to "[p]roduce all written communications made between ALI . . . and Mr. Proctor, from 2015 to date, regarding Mr. Proctor's employment, Mr. Proctor's employment duties, Mr. Proctor's involvement with Label Edge, or that are otherwise relevant to the matters alleged in the pleadings in this case" (Dkt. No. 88-4, at 8).

ALI initially objected to the request as "overbroad, vague, and unduly burdensome given the scope of time and phrase 'are otherwise relevant'" (Dkt. No. 88-5, at 11).  ALI represented that "[s]ubject to these objections, ALI is in possession of numerous potentially responsive emails" (*Id.*).  ALI therefore suggested that "the parties use reasonable search terms to collect emails responsive to this Request" (*Id.*).

The Proctor Defendants then proposed several search terms to assist in the collection of emails (Dkt. No. 88-6, ¶ 2).  According to ALI, the proposed search terms resulted in more than one million potentially responsive emails (Dkt. No. 88-9, at 2).  The Proctor Defendants later provided ALI with a narrowed list of search terms, which ALI claims still results in nearly 500,000 potentially responsive emails (Dkt. Nos. 88-8, at 4; 88-9, at 2).  ALI has not provided the Proctor Defendants with any of these potentially responsive emails to date (Dkt. No. 89, at 9).

In response, ALI argues that the Court should deny the Proctor Defendants' request entirely, or, alternatively, require them to pay all expenses associated with collecting, reviewing,

and producing the more than 500,000 emails found with the most recently proposed search terms (Dkt. No. 90, at 5).

The request as written is "overbroad, vague, and unduly burdensome given the scope of time and phrase 'are otherwise relevant'" (Dkt. No. 88-5, at 11), so the Court sustains ALI's objection to the request as written.  The Court will not compel ALI to respond to the request as written.

The Court understands that the parties have engaged in good faith negotiations in an effort to resolve this dispute but that the parties have reached an impasse, given that the search terms most recently proposed by the Proctor Defendants in an effort to cure their objectionable discovery request still result in more than 500,000 emails (Dkt. No. 90, at 5).  ALI maintains its objection to the request and further objects to having to bear the expense and cost of production of this number of emails in this case, especially given that ALI paid the costs associated with its expert's travel to San Antonio to image electronic devices to which he was granted access (*Id.*).  The Proctor Defendants have made no effort or offer to participate in the cost of this discovery, nor do the Proctor Defendants make any argument to the Court that imposing such costs on them would be unreasonable or unwarranted in this case.

The Court will not rewrite a discovery request to which it sustains an objection.  The Proctor Defendants' motion to compel is denied as to this request as written.

### 2.     Request For Production No. 24

Request for Production No. 24 asks ALI to "[p]roduce all financial records, communications, or other documents, including profit loss statements, between June 2015 and present that demonstrate the alleged losses in revenue or relate to ALI's asserted damages" (Dkt. No. 88-7, at 7).  The Proctor Defendants argue that the request is relevant to ALI's claimed

damages (Dkt. No. 89, at 9).  ALI does not address this issue in its response (Dkt. No. 90).  The discovery request appears to have been propounded on or about February 10, 2021 (Dkt. No. 88-7).  The Court is unaware whether ALI objected or responded to the propounded discovery or sought an extension of time to do so.  The Proctor Defendants took the position at the hearing that ALI failed to respond in any manner, including by failing to object to this request for production.

However, ALI maintains that it is not seeking lost revenue as damages in this case.  Given that the language of this request specifically ties documents the Proctor Defendants seek to "alleged losses in revenue or relate to ALI's asserted damages," and given that ALI represents that it seeks no lost revenue as damages, the Court understands ALI's position to be that there are no documents responsive to this request.

Given the Court's understanding that ALI did not respond or object in a timely manner to this request, the Court grants the Proctor Defendants' motion to compel as to this request and directs ALI to state its response to Request for Production No. 24.

### 3.       Request For Production No. 25

Request for Production No. 25 asks ALI to produce any documents submitted to the Small Business Administration or any approved lender related to the Paycheck Protection Program (Dkt. No. 88-7, at 7).  The Proctor Defendants argue that the request is relevant to ALI's claimed damages (Dkt. No. 89, at 9).  In response, ALI argues that Request for Production No. 25 is not relevant to damages because "[w]hether ALI applied or received benefits enacted during the Covid pandemic fails the relevancy prong" (Dkt. No. 90, at 2).

The discovery request appears to have been propounded on or about February 10, 2021 (Dkt. No. 88-7).  The Court is unaware whether ALI objected or responded to the propounded discovery or sought an extension of time to do so.  The Proctor Defendants took the position at the

hearing that ALI failed to respond in any manner, including by failing to object to this request for production.

The Proctor Defendants make no argument to the Court why the information sought by this request is relevant to the claims, defenses, or counterclaims asserted in this case and is not a fishing expedition to use written discovery for improper purposes or purposes unrelated to the litigation. Unless and until the Proctor Defendants articulate a basis for this request in this litigation, the Court denies the Proctor Defendants' motion to compel as to this request.   Even if ALI did not respond or object in a timely manner to this request, the Court will not order a discovery response that serves no proper purpose in the litigation.

### C.    Evidence From Darin Thomas Demonstrating The Proctor Defendants' Alleged Use Of ALI's Files

The Proctor Defendants request that ALI produce evidence that demonstrates actual use, as opposed to possession, of ALI's files by Mr. Proctor and/or Label Edge (Dkt. No. 89, at 9).  The Proctor Defendants argue that such evidence is responsive to First Amended Request for Production No. 5[4] and First Amended Interrogatory No. 12[5] (*Id.*, at 8–9).   In response to First Amended Interrogatory No. 12, ALI referred the Proctor Defendants to the reports and findings of its forensic expert, Darin Thomas; the deposition transcript of Rodney Harris; and hearing transcripts from this matter (*Id.*).   The Proctor Defendants further argue that they do not know

---

[4]    First Amended Request for Production No. 5 asks ALI to produce, for each person identified as an expert witness, "all documents which were considered or contain facts and data which were considered by the person(s) identified in forming their opinion, and all documents generated by the person which contain or refer to the opinion which the person(s) will express" (Dkt. No. 88-4, at 8–9).

[5]    First Amended Interrogatory No. 12 asks ALI to "[i]dentify, with specificity, exactly which business assets ALI contends that [Mr. Proctor and Label Edge] have converted for their own use, benefit, and profit" (Dkt. No. 88-5, at 7).

what most of the listed files are; whether it is ALI's position that these files are still in Mr. Proctor and Label Edge's possession; or which files, if any, ALI claims that Mr. Proctor and Label Edge used in order to compete with ALI (*Id.*).

In response, ALI argues that proof of *actual use* is not required to prove its claims (Dkt. No. 90, at 5).   ALI relies on Ark. Code Ann. § 4-75-601(2)(A)-(B) and *Southwestern Energy Company v. Eickenhorst* for the proposition that direct evidence of theft of trade secrets is not required in order to maintain an action for theft of trade secrets.  955 F. Supp. 1078, 1085 (W.D. Ark. Mar. 18, 1997), *aff'd* 175 F.3d 1025 (8th Cir. 1999).  ALI further argues that it has produced evidence of use *via* Mr. Thomas' reports (Dkt. No. 90, at 5).  According to ALI, Mr. Thomas in his reports "lists each specific file by file name and path showing what he found," and that the "length of [the] reports and its data simply reflects the enormous scope of files taken by ALI" (*Id.*, n.2).  As an example, ALI cites to one of Mr. Thomas' reports in which he specifically listed by name art files that he recovered that originated from a MAC computer and were "consistent with these files originating from ALI" (*Id.*, at 5–6 (citing Dkt. No. 90-2, at 19–30)).  ALI states that Mr. Thomas also made a page-by-page comparison of files in his report to illustrate how Mr. Proctor and Label Edge had altered file names of what were originally ALI's files by changing the file name to include a prefix of "LE" (*Id.*, at 6 (citing Dkt. Nos. 88-9, at 3; 90-1, at 12–13)).[6]

Moreover, ALI contends that this particular dispute partially stems from Mr. Proctor and Label Edge's "improper withholding of devices from Mr. Thomas' inspection" during his May 19,

---

[6]   ALI points to the fact that Mr. Proctor in his deposition admitted to adding the "LE" prefix to files matching ALI's part numbers at separate defendant Mr. Parr's instruction (Dkt. No. 90, at 6 (citing Dkt. No. 90-1, at 11–12)).

2020, visit to San Antonio, Texas (Dkt. No. 90, at 2, 6).[7]  To that end, ALI represents that it has produced all evidence in its possession from Mr. Thomas showing "use" by defendants to date (*Id.*, at 6).

Based upon the parties' representations at the hearing, the Court denies this motion to compel.  To the extent the motion to compel relates to matters involving Mr. Thomas, the Court understands that Mr. Thomas produced written reports, which no party has moved to strike.  Mr. Thomas has offered testimony at two hearings before the Court, with no argument that such testimony has not been disclosed or made available.  Further, the Court understands that Mr. Thomas has been made available for deposition by the parties.  Given the parties' filings, representations, and arguments, the Court denies the Proctor Defendants' motion as to matters involving Mr. Thomas.  It is unclear to the Court what, if any, further relief the Proctor Defendants seek through this argument in their motion to compel.

Based upon the two discovery requests as written, and the Court's understanding of the discovery responses, productions, and depositions that have occurred to date, the Court denies without prejudice at this time this portion of the motion to compel.

### D.    Documents Produced To Cheryl Shuffield

Mr. Proctor and Label Edge request that ALI provide all documents reviewed or generated by its damages expert, at least some of which they argue should have been produced with ALI's

---

[7]    According to ALI, Mr. Thomas was denied access to devices during his May 16, 2020, visit to San Antonio, Texas (Dkt. No. 90, at 2).  ALI states that, most notably, the WD Passport used by Mr. Proctor to download ALI's files was missing and that Mr. Proctor claimed that he drilled holes in the device, beat it with a hammer, and then threw it away in November 2019 (*Id.* (citing Dkt. No. 90-1, at 4)).  ALI claims, however, that Mr. Thomas' investigation showed that Mr. Proctor had connected and used the WD Passport on his computer multiple times in 2020, including as recently as May 11, 2020 (*Id.* (citing Dkt. No. 90-2, at 1–12)).  ALI claims that Mr. Proctor had also used another external device that was not provided during Mr. Thomas' inspection (*Id.* (citing Dkt. No. 90-2, at 3)).

initial disclosures and in response to Amended Request for Production No. 5 (Dkt. No. 89, at 10).

ALI disclosed its damages expert, Ms. Shuffield, on or around March 31, 2021.  In response to the

discovery request, ALI indicates that it no longer intends to rely upon Ms. Shuffield as an expert

witness on behalf of ALI and therefore "does not have any non-privileged information to produce"

(Dkt. No. 90, at 2 n.1).

Based on the parties' arguments at the hearing, having reviewed the parties' filings, the

Court denies as moot the Proctor Defendants' motion to compel and supplement to the motion to

compel with regard to  the Proctor Defendants' request that ALI produce all documents reviewed

or generated by its previously disclosed but now withdrawn damages expert Ms. Suffield.  ALI

represents that there are no non-privileged documents responsive to this request.  The Court does

not understand the Proctor Defendants to challenge this representation or to argue that the law

otherwise entitles them to additional documents.

### III.   Parr Defendants' Motion To Dismiss As Discovery Sanction And, Alternatively, To Compel Discovery

The Parr Defendants request that the Court dismiss ALI's claims against the Parr

Defendants as discovery sanctions pursuant to Federal Rule of Civil Procedure 26(g), Federal Rule

of Civil Procedure 37(d), and for abuse of the judicial process (Dkt. No. 95, ¶¶ 12–14).  In the

alternative, the Parr Defendants request that the Court compel ALI to:  (1) provide Mr. Parr and

GP Labels with its Initial Disclosures; and (2) respond to Interrogatory Nos. 1–18 and Requests

for Production 1–17 (*Id.*, ¶ 15).

The relevant timeline for this dispute is short.  The Parr Defendants propounded their First

Set of Interrogatories and Requests for Production of Documents to ALI on February 15, 2022

(Dkt. Nos. 95-2; 95-6).[8]   On March 17, 2022, ALI served responses and objections to the Parr Defendants' first discovery set (Dkt. No. 95-3).   On March 24, 2022, the Parr Defendants sent a good faith letter and reply to ALI's discovery responses requesting that ALI provide within seven days:   (1) damages calculations with supporting documentation; and (2) amended discovery responses (Dkt. Nos. 95-4; 95-5).   On April 1, 2022, eight days after the Parr Defendants sent the good faith letter and reply to ALI, counsel for ALI responded, in full:

> Alex, I have reviewed this request in some detail, but I just feel because there has been so much discovery done in this case (since before Covid), starting with two hearings and followed by a great deal of activity that we cannot agree to summarize it by responding to this request.

(Dkt. No. 95-8).   On April 8, 2022, Mr. Parr and GP Labels filed the instant motion with the Court.

In response, ALI asserts that the Parr Defendants "grossly overstate this discovery dispute" and "distort" ALI's discovery efforts (Dkt. No. 98, at 1).   ALI represents that is has provided discovery responses to the Parr Defendants' "poorly drafted questions," produced its witnesses for deposition, identified many trial exhibits, produced expert reports with liability and damages opinions, and calendared several more of its witnesses' depositions before the discovery deadline, although the Court understands the parties have reached agreement to conduct some discovery past the discovery deadline (*Id.*).

### A.    Dismissal As A Discovery Sanction

Based on the parties' arguments at the hearing, having reviewed the parties' filings, the Court denies the Parr Defendants' motion to dismiss as a discovery sanction.

---

[8]    ALI initiated this action on November 1, 2019, against separate defendants Mr. Proctor and Label Edge (Dkt. No. 2).   On September 8, 2021, ALI filed a second amended complaint which added Mr. Parr and GP Labels as parties to this lawsuit (Dkt. No. 72).   On May 16, 2022, ALI filed a motion for leave to file a third amended complaint, representing that it seeks to narrow the claims and issues in the case (Dkt. No. 113).

**B.      Initial Disclosures**

The Parr Defendants argue that ALI has failed to provide a computation of damages pursuant to Federal Rule of Civil Procedure 26(a) (Dkt. No. 96, at 6).[9]   Mr. Parr and GP Labels propounded their First Set of Interrogatories and Requests for Production of Documents to ALI on February 15, 2022 (Dkt. No. 95-2).   In the same correspondence transmitting the first discovery set, the Parr Defendants provided their Initial Disclosures to ALI and the Proctor Defendants, and further requested:

> If there is anything in Plaintiff Arkansas Labeling, Inc.'s Initial Disclosures that needs to be updated in light of the claims asserted against GP Labels and Mr. Parr in Plaintiff's Second Amended Complaint, please send us ALI's updated Initial Disclosures at your earliest convenience.

(Dkt. No. 95-6).   The Parr Defendants contend that they received no response to their request for ALI to update its Initial Disclosures (Dkt. No. 96, at 2).

In response, ALI argues that it provided Initial Disclosures at the beginning of the case and has appropriately supplemented them in accordance with Rule 26 (Dkt. No. 98, at 8–9).   ALI states that, one week after the Parr Defendants' February 15, 2022, request, ALI updated its Initial Disclosures; it served its damages expert report that supplemented ALI's explanation of damages (*Id.*, at 9).

Based on the parties' arguments at the hearing, having reviewed the parties' filings, the Court denies as moot the Parr Defendants' motion to compel with regard to ALI's Initial Disclosures.   The Court understands that the Parr Defendants do have a copy of ALI's Initial

---

[9] Separate defendants Mr. Proctor and Label Edge also raise this issue in their pending motion to compel discovery (Dkt. No. 89, at 7–8 (contending that ALI has failed to provide a damages calculation notwithstanding 18 months of discovery, examination of Mr. Proctor and Label Edge's computer systems by a forensic analyst, and inspection of Mr. Proctor and Label Edge's "profit and loss statements[] and a multitude of other documents")).

Disclosures served in a previous filing.  *See* (Dkt. No. 98, at 1, 8 (citing Dkt. No. 95, at 5 n.7)).
Further, the Court understands that ALI has produced an expert report that supplements its
explanation of damages.  To the extent issues remain with respect to ALI's discovery obligations
and its damages calculation, the Parr Defendants may file another motion to compel, if necessary.

### C.   Discovery Requests

The Parr Defendants contend that ALI's discovery responses "contained ineffectual,
improper objections, contained no substantive answer to *any* interrogatory, and produced no
documents" (Dkt. No. 97, at 18) (emphasis in original).  The Parr Defendants summarily request
that the Court compel ALI to provide responses to (a) Interrogatory Nos. 1–18; and (b) Requests
for Production 1–17 (Dkt. No. 95, ¶ 15).  To support their motion, the Parr Defendants incorporate
by reference their reply to ALI's discovery responses (Dkt. No. 96, at 18 (citing Dkt. No. 95-5)).

### 1.   Interrogatory No. 1

Interrogatory No. 1 asks ALI to identify each person who provided information for or
helped or assisted in the preparation of each response to the Parr Defendants' Interrogatories and
Requests for Production (Dkt. No. 95-5, at 1).  In response, ALI stated without objection that
responses were prepared by a variety of individuals with the assistance of counsel (*Id.*).

The Court is aware that, in ALI's Initial Disclosures, ALI identifies Rodney Harris, Corry
Harris, Christina Roberts, Sandy Roberts, Sandy Johnson, Darin Thomas, Tim Proctor, Sherri
Proctor, Gary Parr, Nancy Parr, Nicole Myers, April Fowler, and David Gallant as people who
have discoverable information (Dkt. No. 98, at 10).  According to ALI, with the exception of
Nancy Parr, every one of these people has been deposed or is scheduled to be deposed before the
discovery deadline (*Id.*).  Some of these witnesses have been deposed more than once and others
have previously provided sworn in-court hearing testimony (*Id.*).

The Court denies the Parr Defendants' motion to compel with respect to Interrogatory No. 1.

### 2.     Interrogatory No. 2

Interrogatory No. 2 seeks the identity of all persons with knowledge, documents, or discoverable matters concerning this case, including a description of knowledge that the person has relative to the allegations in ALI's complaint and, specifically, the date and manner in which the knowledge was acquired and whether the person has knowledge concerning liability or damages or both (Dkt. No. 95-5, at 2).  ALI objected to this request as overly broad and unduly burdensome (*Id.*).  ALI states that it is impossible to know "all" persons with knowledge or documents concerning this case, including "documents or discoverable matters" and when "knowledge was acquired" (*Id.*).

ALI's objection to Interrogatory No. 2 is well founded.  The request is overly broad and unduly burdensome as written.  The Court will not attempt to rewrite the discovery request.

However, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).  To the extent ALI can respond to Interrogatory No. 2, it is directed to do so.  For example, the Court is aware that, in ALI's Initial Disclosures, ALI identifies Rodney Harris, Corry Harris, Christina Roberts, Sandy Roberts, Sandy Johnson, Darin Thomas, Tim Proctor, Sherri Proctor, Gary Parr, Nancy Parr, Nicole Myers, April Fowler, and David Gallant as people who have discoverable information (Dkt. No. 98, at 10).  According to ALI, with the exception of Nancy Parr, every one of these people has been deposed or is scheduled to be deposed before the discovery deadline (*Id.*).  Some of these witnesses have been deposed more than once and others have previously provided sworn in-court hearing testimony (*Id.*).

For these reasons, the motion to compel with respect to Interrogatory No. 2 is denied, in part, and granted, in part.

### 3.      Interrogatory No. 3

Interrogatory No. 3 asks ALI to identify all witnesses and exhibits that ALI intends to call or introduce at trial of this matter with respect to any of the claims asserted in ALI's complaint (Dkt. No. 95-5, at 3).  In response, ALI stated without objection that while ALI has not yet made a decision regarding witnesses to be called and exhibits to be introduced at trial, ALI will likely call witnesses identified by the parties and witnesses who have been deposed or are scheduled to be deposed (*Id.*).

The Court denies the Parr Defendants' motion to compel with respect to Interrogatory No. 3, while reminding ALI of its duty to supplement its response to Interrogatory No. 3 as discovery and trial preparation in this matter continue.

### 4.      Interrogatory Nos. 4, 5, 6, And 7

Interrogatory No. 4 seeks the identity of each customer or client whose business was brokered by GP Labels for whom ALI has created or designed original artwork (Dkt. No. 95-5, at 4).  Interrogatory No. 5 asks ALI to state for each identified customer or client the amount and the date it was paid for the creation or design of the original artwork (*Id.*, at 7).  Interrogatory No. 6 asks ALI to state for each original artwork whether it has corporate knowledge of the same artwork being used in any other state, region, area, or part of the United States that was or is being printed by any other entity or printer, and, if so, to identify each piece of such artwork and the customer or client for which it was drawn, created, and/or designed (*Id.*).  Interrogatory No. 7 asks ALI to describe in detail any and all specifications, pictures, examples, or other direction the customer or client gave to ALI to create each identified original artwork and/or label (*Id.*, at 8).

As to each interrogatory, ALI objected that the information sought is overly broad, unduly burdensome, and not proportional to the needs of the case (*Id.*, at 4, 7, 8).  With respect to Interrogatory No. 4, ALI responded that Mr. Parr and GP Labels brokered many customers for whom ALI designed artwork or printed labels over the years of their relationship and provided Mountain Valley Water as an example (*Id.*, at 4).

The Court sustains the objections to Interrogatory Nos. 4, 5, 6, and 7; the requests are overly broad and unduly burdensome as written.  The Court will not attempt to rewrite the discovery requests.  However, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).  To the extent ALI can respond to Interrogatory Nos. 4, 5, 6, and 7, it is directed to do so.  For these reasons, the motion to compel with respect to Interrogatory Nos. 4, 5, 6, and 7 is denied, in part, and granted, in part.

### 5.      Interrogatory No. 8

Interrogatory No. 8 asks ALI to describe in detail its process for the creation of a label— from the solicitation of its services to the provision of a production-ready label the customer or client—for any and all customers whose business was brokered by GP Labels (Dkt. No. 95-5, at 9).  ALI objected to this request as overly broad, unduly burdensome, and not proportional to the needs of the case (*Id.*).  In its reply, ALI highlights the unreasonableness of this request, citing the multiple witnesses who have explained these details and the Parr Defendants' 40 years of experience as a broker in the labeling business and 25-year relationship with ALI (Dkt. No. 98, at 14–14).

The Court sustains the objection to Interrogatory No. 8; it is overly broad, unduly burdensome, and not proportional to the needs of this case as written.  The Court will not attempt

to rewrite the discovery request.  However, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).  To the extent ALI can respond to Interrogatory No. 8, it is directed to do so.  For these reasons, the motion to compel with respect to Interrogatory No. 8 is denied, in part, and granted, in part.

### 6.      Interrogatory No. 9

Interrogatory No. 9 asks ALI to describe in detail any alteration, addition, modification, deviation, or change to artwork, instructions, specifications, examples, or other direction it received from each customer or client whose business was brokered by GP Labels (Dkt. No. 95-5, at 9).  ALI objected to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and nearly impossible to answer (*Id.*).

The Court sustains the objection to Interrogatory No. 9; it is overly broad, unduly burdensome, and not proportional to the needs of this case as written.  The Court will not attempt to rewrite the discovery request.  The motion to compel with respect to Interrogatory No. 9 is denied.

### 7.      Interrogatory No. 10

Interrogatory No. 10 asks ALI to explain in detail the factual circumstances of its allegation in paragraph 61 of its operative complaint that defendants "intentionally seized control over ALI's confidential and proprietary information," and to identify the specific confidential and proprietary information allegedly seized (Dkt. No. 95-5, at 10).  ALI objected to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and nearly impossible to answer (*Id.*).  ALI stated that it relies on the investigative findings of Mr. Thomas and the depositions of several witnesses (*Id.*).

The Court denies the motion to compel with respect to Interrogatory No. 10, except to the extent the Court directs ALI to produce to the Parr Defendants Mr. Thomas's reports and investigative findings, if not already produced, and to identify the depositions of the witnesses to which it refers in its response.

### 8.      Interrogatory No. 11

Interrogatory No. 11 asks ALI to identify, with particularity and in detail, each and every "valuable business asset[]" ALI alleges that defendants have "converted" for their "own use, benefit, and profit," as alleged in paragraph 62 of its operative complaint (Dkt. No. 95-5, at 12). ALI objected to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and nearly impossible to answer (*Id.*).  ALI stated that it relies on the findings of Mr. Thomas and the depositions of several witnesses (*Id.*).

The Court denies the motion to compel with respect to Interrogatory No. 11, except to the extent the Court directs ALI to produce to the Parr Defendants Mr. Thomas's reports and investigative findings, if not already produced, and to identify the depositions of the witnesses to which it refers in its response.

### 9.      Interrogatory No. 12

Interrogatory No. 12 asks ALI to identify each contractual relationship or business expectancy ALI alleges that defendants have interfered with, as alleged in paragraphs 65–68 of its operative complaint (Dkt. No. 95-5, at 13).  ALI objected to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and nearly impossible to answer (*Id.*).  ALI also stated that "ALI is aware of the custom art files taken by Mr. Proctor/Mr. Parr and certain of the knowledge regarding interference after the thefts were intentionally hidden from ALI by defendants" and that "ALI will rely on the investigating findings of Darin Thomas." (*Id.*).

The Court denies the motion to compel with respect to Interrogatory No. 12, except to the extent the Court directs ALI to produce to the Parr Defendants Mr. Thomas's reports and investigative findings, if not already produced.

### 10.     Interrogatory No. 13

Interrogatory No. 13 asks ALI to describe in detail the factual basis of its allegation that defendants engaged in "criminal conduct," asked Mr. Proctor to engage in criminal conduct, or otherwise asked Mr. Proctor to take ALI's confidential and proprietary information for the benefits of all defendants (Dkt. No. 95-5, at 14). ALI stated that it relies on the findings of Mr. Thomas and the depositions of several witnesses (*Id.*).

The Court denies the motion to compel with respect to Interrogatory No. 13, except to the extent the Court directs ALI to produce to the Parr Defendants Mr. Thomas's reports and investigative findings, if not already produced, and to identify the depositions of the witnesses to which it refers in its response.

### 11.     Interrogatory No. 14

Interrogatory No. 14 seeks the identity of each customer or client whose business was brokered by GP Labels within the last 10 years, the timeline for which those services were provided, and how much money ALI received as a result of that business (Dkt. No. 95-5, at 15). ALI objected to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and nearly impossible to answer (*Id.*). ALI stated that it relies on the investigative findings of Mr. Thomas and the deposition testimony of the Proctors, the Harrises, and Mr. Parr (*Id.*). ALI also stated that "each customer or client" would be in the records of Mr. Parr and GP Labels (*Id.*).

The Court sustains the objection to Interrogatory No. 14; it is overly broad, unduly burdensome, and not proportional to the needs of this case as written with respect to seeking this information for 10 years. The Court will not attempt to rewrite the discovery request. The motion to compel with respect to Interrogatory No. 14 is denied, except to the extent the Court directs ALI to produce to the Parr Defendants Mr. Thomas's reports and investigative findings.

### 12.    Interrogatory No. 15

Interrogatory No. 15 asks ALI to describe in detail any action taken to assert any ownership interest in the label/design for any and all customers or clients whose business was brokered by GP Labels, including communications asserted to the customer or client and any applications made to the United States Patent and Trademark office or any state service mark registration (Dkt. No. 95-5, at 16). ALI objected to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and nearly impossible to answer (*Id.*).

The Court sustains the objection to Interrogatory No. 15; it is overly broad, unduly burdensome, and not proportional to the needs of this case as written. The Court will not attempt to rewrite the discovery request. The motion to compel with respect to Interrogatory No. 15 is denied.

### 13.    Interrogatory No. 16

Interrogatory No. 16 seeks a detailed and itemized description of all damages for which ALI contends defendants are liable (Dkt. No. 95-5, at 17). ALI objected to this request as overly broad and referred the Parr Defendants to the expert report of Cory Harris (*Id.*).

The Court denies the motion to compel with respect to Interrogatory No. 16.

### 14.    Interrogatory No. 17

23

Interrogatory No. 17 asks ALI to "describe in detail how the damages asserted against Defendants are unique and/or separate from any damages asserted against Separate Defendants Tim Proctor and Label Edge" (Dkt. No. 95-5, at 19).  ALI objected to this request as overly broad, unduly burdensome, and not proportional to the needs of the case (*Id.*).  ALI stated that the alleged thefts were by all defendants jointly and referred the Parr Defendants to the depositions of Mr. Proctor and Mr. Parr (*Id.*).

The Court denies the motion to compel with respect to Interrogatory No. 17.

### 15.     Interrogatory No. 18

Interrogatory No. 18 asks ALI to describe in detail all efforts undertaken to minimize or eliminate the damages which ALI contends occurred and/or continue to accrue as a result of defendant's alleged behavior (Dkt. No. 95-5, at 19).  ALI stated that the key effort taken was in the filing of this litigation and the discovery process (*Id.*).

The Court denies the motion to compel with response to Interrogatory No. 18, while reminding ALI of its duty to supplement its response as discovery and trial preparation in this matter continue.

### 16.     Request For Production No. 1

Request for Production No. 1 seeks all documents in ALI's possession or the possession of any person listed in ALI's response to Interrogatory No. 2 which will support, corroborate, or relate to any of ALI's claims (Dkt. No. 95-5, at 20).  ALI objected to this request and referred the Parr Defendants to its response to Interrogatory No. 2 (*Id.*).

For these reasons explained by the Court in ruling on ALI's objection to Interrogatory No. 2, the motion to compel with respect to Request for Production No. 1 is denied, in part, and granted, in part consistent with the Court's ruling on Interrogatory No. 2.

### 17.     Request For Production No. 2

Request for Production No. 2 seeks a copy or representation of any exhibit ALI intends to use or introduce at the trial of this matter (Dkt. No. 95-5, at 21).  ALI objected to this request and referred the Parr Defendants to its response to Interrogatory No. 3 (*Id.*).

For the reasons the Court denied the Parr Defendants' motion to compel with respect to Interrogatory No. 3, the Court denies this request while reminding ALI of its duty to supplement its response as discovery and trial preparation in this matter continue.  The Court denies the motion to compel with respect to Request for Production No. 2.

### 18.     Request For Production No. 3

Request for Production No. 3 seeks all correspondence or other communications exchanged between ALI and the Parr Defendants, including any employee, agent, or other person acting on behalf of GP Labels, authored in the last 10 years and relating to the subject matter of or referencing Plates, technical drawings, artwork, and/or labels of any customer or client whose business was brokered by GP Labels (Dkt. No. 95-5, at 21).  ALI objected to this request as overly broad, unduly burdensome, and not proportional to the needs of the case (*Id.*).  ALI stated that communications are not indexed by the subject matters described in the request (*Id.*).

The Court sustains the objection to Request for Production No. 3; it is overly broad, unduly burdensome, and not proportional to the needs of this case as written.  The Court will not attempt to rewrite the request.  The motion to compel with respect to Request for Production No. 3 is denied.

### 19.     Request For Production No. 4

Request for Production No. 4 seeks all correspondence or other communications exchanged between ALI and any customer or client whose business was brokered by GP Labels,

authored within the last 10 years and relating to the subject matter of or referencing Plates, technical drawings, artwork, and/or labels (Dkt. No. 95-5, at 23).  ALI objected to this request as overly broad, unduly burdensome, nearly impossible to answer, and not proportional to the needs of the case (*Id.*).

The Court sustains the objection to Request for Production No.4; it is overly broad, unduly burdensome, and not proportional to the needs of this case as written.  The Court will not attempt to rewrite the request.  The motion to compel with respect to Request for Production No. 4 is denied.

### 20.     Request For Production No. 5

Request for Production No. 5 seeks a copy of any exhibit identified in ALI's response to Interrogatory No. 3 (Dkt. No. 95-5, at 23).  In response, ALI referred the Parr Defendants to its response to Interrogatory No. 3 (*Id.*).

For the reasons the Court denied the Parr Defendants' motion to compel with respect to Interrogatory No. 3, the Court denies this request while reminding ALI of its duty to supplement its response as discovery and trial preparation in this matter continue.  The Court denies the motion to compel with respect to Request for Production No. 5.

### 21.     Request For Production No. 6

Request for Production No. 6 seeks a copy or photograph of any Plate, label, technical drawing, or other rendering or graphic design ALI created on behalf of any customer or client whose business was brokered by GP Labels within the last 10 years (Dkt. No. 95-5, at 24).  ALI objected to this request as overly broad, unduly burdensome, nearly impossible to answer, and not proportional to the needs of the case because defendants allegedly stole and copied thousands of ALI's proprietary files (*Id.*).

The Court sustains the objection to Request for Production No. 6; it is overly broad, unduly burdensome, and not proportional to the needs of this case as written. The Court will not attempt to rewrite the request. The motion to compel with respect to Request for Production No. 6 is denied.

### 22.    Request For Production No. 7

Request for Production No. 7 seeks a copy or photograph of any original artwork identified in ALI's response to Interrogatory No. 4 (Dkt. No. 95-5, at 25). ALI objected to this request and referred the Parr Defendants to its response to Interrogatory No. 4 (*Id.*).

For the reasons explained with respect to Interrogatory No. 4, the Court sustains the objection to Request for Production No. 7; the request is overly broad and unduly burdensome as written. The Court will not attempt to rewrite the request. However, to the extent ALI can respond to Request for Production No. 7, it is directed to do so. For these reasons, the motion to compel with respect to Request for Production No. 7 is denied, in part, and granted, in part.

### 23.    Request For Production No. 8

Request for Production No. 8 seeks a copy of any invoice, bill, receipt, or other evidence that ALI charged or received payment from any customer or client whose business was brokered by GP Labels, for the production or creation of any artwork, label, Plate, or technical drawing within the last 10 years (Dkt. No. 95-5, at 25). ALI objected to this request as overly broad, unduly burdensome, nearly impossible to answer, and not proportional to the needs of the case (*Id.*).

The Court sustains the objection to Request for Production No. 8; it is overly broad, unduly burdensome, and not proportional to the needs of this case as written. The Court will not attempt to rewrite the request. The motion to compel with respect to Request for Production No. 8 is denied.

### 24.      Request For Production No. 9

Request for Production No. 9 seeks a copy or photograph of any document, correspondence, memorandum, email, notes, or other writing that evidences or relates to any specifications, pictures, examples, or other direction a customer or client whose business was brokered by GP Labels gave to ALI to create artwork, a label, a Plate, a technical drawing, or any other similar product (Dkt. No. 95-5, at 26).  ALI objected to this request as overly broad, unduly burdensome, nearly impossible to answer, and not proportional to the needs of the case (*Id.*).

The Court sustains the objection to Request for Production No. 9; it is overly broad, unduly burdensome, and not proportional to the needs of this case as written.  The Court will not attempt to rewrite the request.  The motion to compel with respect to Request for Production No. 9 is denied.

### 25.      Request For Production No. 10

Request for Production No. 10 seeks any document, correspondence, memorandum, email, notes, or other writing, hand-written or electronic, that evidences or relates to ALI's corporate knowledge that artwork created by ALI for any customer or client whose business was brokered by GP Labels was identical, the same, or substantially similar to artwork created by another printer, whether known or unknown to you, and used for labels in any other region, state, area, or portion of the United States (Dkt. No. 95-5, at 27).  ALI objected to this request as overly broad, unduly burdensome, nearly impossible to answer, and not proportional to the needs of the case (*Id.*).  ALI stated that the request is unclear and objected to having to guess its meaning (*Id.*).

The Court sustains the objection to Request for Production No. 10; it is overly broad, unduly burdensome, not proportional to the needs of this case, and unclear as written.  The Court

will not attempt to rewrite the request.   The motion to compel with respect to Request for Production No. 10 is denied.

### 26.      Request For Production No. 11

Request for Production No. 11 seeks a copy of any record, document, communication, correspondence, note, email, or other writing, hand-written or electronic, that corroborates, supports, or relates to ALI's allegation that defendants "converted" your "valuable business assets" for their "own use, benefit, and profit," as alleged in paragraph 62 of its operative complaint(Dkt. No. 95-5, at 28).   ALI objected to this request as overly broad, unduly burdensome, nearly impossible to answer, and not proportional to the needs of the case and referred the Parr Defendants to the deposition testimony of the Proctors, the Harrises and Mr. Parr (*Id.*).

The Court denies the motion to compel with respect to this request.

### 27.      Request For Production No. 12

Request for Production No. 12 seeks a copy of any record, document, communication, correspondence, note, email, or other writing, hand-written or electronic, that corroborates, supports, or relates to ALI's allegation in paragraph 61 of its operative complaint that defendants "intentionally seized control over ALI's confidential and proprietary information" (Dkt. No. 95-5, at 29).   ALI objected to this request as overly broad, unduly burdensome, nearly impossible to answer, and not proportional to the needs of the case (*Id.*).   ALI then referred the Parr Defendants to its response to Request for Production No. 11.

The Court denies the motion to compel with respect to this request.

### 28.      Request For Production No. 13

Request for Production No. 13 seeks a copy of any record, document, communication, correspondence, note, email, or other writing that corroborates, supports, or relates to ALI's

response Interrogatory No. 11 (Dkt. No. 95-5, at 30).   In response, ALI referred the Parr

Defendants to Interrogatory No. 11 (*Id.*).

For the reasons the Court denied the motion to compel with respect to Interrogatory No.

11, the Court denies this request, except to the extent the Court directs ALI to produce to the Parr

Defendants Mr. Thomas's reports and investigative findings, if not already produced, and to

identify the depositions of the witnesses to which it refers in its response.

### 29.      Request For Production No. 14

Request for Production No. 14 seeks a copy of any record, document, communication,

correspondence, note, email, or other writing, hand-written or electronic, that corroborates,

supports, or relates to ALI's allegation in paragraph 90 of its operative complaint that the "Parr

and GP Labels asked Proctor to take [ALI's] information for the benefit of all Defendants" (Dkt.

No. 95-5, at 30).   ALI objected to this request as overly broad, unduly burdensome, nearly

impossible to answer, and not proportional to the needs of the case and stated that it relies on the

investigative findings of Mr. Thomas and the deposition testimony of the Proctors, the Harrises,

and Mr. Parr (*Id.*).

The Court denies the motion to compel with respect to this request, except to the extent the

Court directs ALI to produce to the Parr Defendants Mr. Thomas's reports and investigative

findings, if not already produced.

### 30.      Request For Production No. 15

Request for Production No. 15 seeks a copy of any record, document, communication,

correspondence, note, email, or other writing, hand-written or electronic, that corroborates,

supports, or relates to your allegation in paragraph 90 of the Complaint that "by knowingly

transferring, receiving, retaining, copying, and using ALI's stolen information without

authorization from ALI, all other Defendants have engaged in criminal conduct" (Dkt. No. 95-5, at 31).  ALI objected to this request as overly broad, unduly burdensome, nearly impossible to answer, and not proportional to the needs of the case and stated that it relies on the investigative findings of Mr. Thomas and "responses to previous requests." (*Id.*).

The Court denies the motion to compel with respect to this request, except to the extent the Court directs ALI to produce to the Parr Defendants Mr. Thomas's reports and investigative findings, if not already produced, and the "responses to previous requests" to which it refers in its response.

### 31.    Request For Production No. 16

Request for Production No. 16 seeks ALI's tax returns for 2016–2021 (Dkt. No. 95-5, at 32).  ALI objected to the request as not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case (*Id.*).

ALI maintains that its damages are no longer based on lost profits where tax returns might be relevant or discoverable and expressly disclaims entitlement to any lost profits (Dkt. No. 98, at 19).  ALI cites several cases in support of its position.  Because ALI disclaims any lost profits as damages, the Court denies the motion to compel with request to Request For Production No. 16.

### 32.    Request For Production No. 17

Request For Production No. 17 seeks all documents evidencing ALI's alleged losses and damages (Dkt. No. 95-5, at 34).  ALI objected to this request as overly broad, unduly burdensome, nearly impossible to answer, and not proportional to the needs of the case, and referred the Parr Defendants to the expert report of Cory Harris and the depositions taken in this case (*Id.*).

The Court denies the motion to compel with respect to this request, except to the extent the Court directs ALI to produce to the Parr Defendants "the depositions" to which ALI refers in its response to this request.

### IV.   Conclusion

It is therefore ordered that:

1.   The Court denies, in part, and grants, in part, the Proctor Defendants' motion to compel and supplement to the motion to compel (Dkt. Nos. 88, 107).

2.   The Court denies the Parr Defendants' motion to dismiss as a discovery sanction (Dkt. No. 95).

3.   The Court denies as moot the Parr Defendants' motion to compel with regard to ALI's Initial Disclosures (Dkt. No. 95).

4.   The Court denies, in part, and grants, in part, the Parr Defendants' motion to compel with respect to Interrogatory Nos. 1–18 and Requests for Production Nos. 1–17 (Dkt. No. 95).

It is so ordered this 20th day of May, 2022.

Kristine G. Baker
United States District Judge